# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| STACY APPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV2358 JCH(LMB) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This is an action under 42 U.S.C. § 405(g) for judicial review of defendant's final decision denying plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act and Supplemental Security Income benefits under Title XVI of the Act. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Currently pending is Defendant's Motion to Reverse and Remand and For Entry of Final Judgment with Suggestions in Support. (Document Number 12). Plaintiff has not filed a response to defendant's motion.

In her motion, defendant requests that the court reverse the decision of the Administrative Law Judge (ALJ) and remand this action pursuant to sentence four of 42 U.S.C. § 405(g). Defendant states in her motion that upon receipt of the court's remand order, the Appeals Council of the Social Security Administration will remand this case to an ALJ, who will be directed to conduct a supplemental hearing and afford plaintiff the opportunity to submit additional evidence.

The ALJ will also be directed to re-evaluate evidence relevant to the severity of plaintiff's shoulder impairment, and to consider whether additional consultative evaluations are required to fully develop the record. The ALJ will be further instructed to reassess plaintiff's residual functional capacity if plaintiff's impairments do not meet or equal a listing, and to obtain vocational expert testimony to clarify the effects of plaintiff's impairments upon the occupational base if the ALJ finds that plaintiff's residual functional capacity precludes return to her past work. Defendant requests that the court enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure reversing the decision of the ALJ and remanding this case to the Commissioner.

Sentence four of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing." However, in order for the court to properly remand a case to the Commissioner pursuant to sentence four, the court must enter an order either affirming, modifying or reversing the Commissioner's decision. See Brown v. Barnhart, 282 F.3d 580, 581 (8th Cir. 2002).

The undersigned believes that it is appropriate to reverse and remand this case in order to permit the Commissioner to take further action as requested in her motion.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Reverse and Remand and for Entry of Final Judgment with Suggestions in Support (Doc. No. 12) be **granted**.

**IT IS FURTHER RECOMMENDED** that the decision of the Commissioner be **reversed** and this case be **remanded** to the Commissioner for further proceedings pursuant to sentence four of § 405(g) for those reasons set forth in this report and recommendation.

**IT IS FURTHER RECOMMENDED** that upon remand, the court not retain jurisdiction of this matter.


The parties are advised that they have eleven (11) days, until August 14, 2006, to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and failure to file timely objections may result in a waiver of the right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).


Dated this ___1st___ day of August, 2006.


LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE